**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL MONET FONTAINE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1211-CR-476 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1111-FC-138

**July 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

Paul Fontaine ("Fontaine") appeals his sentence for Class C felony forgery.[1]

We affirm.

<u>ISSUE</u>

Whether Fontaine's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

<u>FACTS</u>

The State and Fontaine entered the following stipulated facts in support of his plea agreement:

1.  Paul M. Fontaine . . . is the Defendant in Cause # 45G04-1111-00138.

2.  PMP Associates is the victim in Cause # 45G04-1111-00138.

3.  On September 13, 2011, Paul M[.] Fontaine conducted a transaction, in which he was the seller, for the sale of a black 2010 Toyota Rav IV.

4.  Frankies' Auto Sales located in Dyer, Lake County, Indiana was the buyer in the transaction.

5.  On September 13, 2011, the vehicle was registered to PMP Associates located at 8219 Highway Avenue in Highland, Lake County, Indiana, and Paul M[.] Fontaine represented himself as the CFO (Chief Financial Officer) of PMP Associates for the purpose of conducting the transaction.

6.  On September 13, 2011, Paul M[.] Fontaine signed the vehicle's title indicating that he was the CFO of PMP Associates, and this was for the purpose of transferring the vehicle's title to the buyer, Frankies' Auto Sales.

7.  The sale was concluded and $17,750 was paid to Paul M[.] Fontaine.

8.  PMP Associates is actually Promilla [sic] Mehta Paul Associates which is a professional healthcare operation providing medical services.

---

[1] Ind. Code § 35-43-5-2.

2

9. John Argus is the court appointed guardian of Promila Mehta Paul's estate, and he indicates the aforementioned vehicle is part of the property belonging to Promila Mehta Paul and no one had any permission to sell or dispose of this vehicle.

10. A records search of the Indiana Secretary of State's records indicates that Dr. Promila Mehta Paul is the registered agent, principal and secretary of that company. No other person is listed with the Secretary of State's office through PMP Associates.

11. On September 13, 2011, Paul M[.] Fontaine did utter, with the intent to defraud, a written instrument, to wit: a motor vehicle title in such a manner that it purported to have been made by PMP Associates.

12. That all of these events occurred in Lake County, Indiana.

(App. 34-35). Fontaine is one of Promila Mehta Paul's three sons.

On November 18, 2011, the State charged Fontaine with forgery and fraud on a financial institution as Class C felonies. The State also charged Fontaine with theft and auto theft, both Class D felonies. On September 13, 2012, Fontaine pled guilty to forgery, and the State agreed to dismiss the remaining charges. The parties agreed to argue their positions and the trial court could sentence Fontaine, in its discretion, to anywhere between two (2) and eight (8) years. The trial court accepted the plea agreement and held a sentencing hearing on October 9, 2012. The trial court sentenced Fontaine to five (5) years executed in the Department of Correction.

## DECISION

Fontaine contends that his five (5) year sentence in the Department of Correction is inappropriate given the nature of the offense and his character. He requests that we

3

reduce his sentence or order that a portion of the sentence be served in a community corrections program.

Rule 7(B) of the Indiana Rules of Appellate Procedure gives this Court the power to revise an inappropriate sentence in light of the nature of the offense and character of the offender, giving due consideration to the trial court's decision. The defendant must persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

In determining whether a sentence is appropriate, we first look to the advisory sentence provided by statute. *Childress*, 848 N.E.2d at 1081. A Class C felony provides a sentencing range between two (2) and eight (8) years, with an advisory sentence of four (4) years. I.C. § 35-50-2-6.

As to the nature of the offense and Fontaine's character, the record reveals that Fontaine sold a car belonging to his mother's company. While it appears that Fontaine had permission to use the car, it is clear that he did not have the authority to sell it. Fontaine also has a significant criminal history, which includes eight misdemeanor and two felony convictions. Fontaine acknowledges his criminal history, but contends that

4

his prior convictions are mostly alcohol and drug offenses. Fontaine completely ignores the fact that he has several arrests for other property crimes, a judgment withheld on a charge of grand theft, and a conviction for burglary. The trial court noted that leniency shown in his prior criminal cases has not deterred his behavior. We are not persuaded that the nature of the offense nor Fontaine's character makes his sentence inappropriate.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.